**GARY WAYNE FRANCIS GUMATAOTAO, ESQ.**
Suite 203, American Life Building
137 Murray Street
Hagåtña, Guam  96910
Telephone: (671) 475-0200
Facsimile: (671) 475-0203

Attorney for Debtors

**FILED**
DISTRICT COURT OF GUAM

AUG 2 1 2009

**JEANNE G. QUINATA**
**CLERK OF COURT**

## IN THE DISTRICT COURT OF GUAM

### TERRITORY OF GUAM

| | |
|---|---|
| IN RE | BANKRUPTCY CASE NO. 09-00018 |
| **UNTALAN, JEROME B.** **UNTALAN, EMILY L.G.** | **CHAPTER 13 PLAN** |
| Debtors. | [ ] Original [x] Amended |

### NOTICE

Unless noted otherwise, the term "Debtor" includes Joint Debtor, if any. The plan being proposed by the Debtor contains provisions which may significantly affect the rights of creditors. A creditor cannot vote on confirmation of this plan, but may oppose confirmation and contest any motions to value collateral and avoid liens. Any objections to the plan or motions must be in writing, be filed with the court within the later of 20 days after the date of the notice of the conclusion of the meeting of creditors, or if an amended plan, 20 days after service of the amended plan, and be served on the Debtor, the Debtor's attorney and the Trustee. Any objections to the plan or motions will be considered at a hearing with notice to all creditors. Absent a timely objection, the court may confirm this plan, determine the value of property securing claims, and avoid liens as requested by the Debtor. The Trustee shall make distributions only on timely filed proofs of claim or as the court otherwise orders. Notwithstanding Fed. R. Bankr. P. 3002(a), the holder of a secured claim must file a proof of claim in accordance with Fed. R. Bankr. P. 3002(c) if the holder wishes to receive payments under the plan. Upon completion of all payments under a confirmed plan, the Debtor will be eligible for a discharge of debts to the extent specified in 11 U.S.C. § 1328.

### I.   SUMMARY

| | |
|---|---|
| 1. Debtor's Monthly Payment: $400 | 2. Duration of Plan (months): 60 |
| 3. Total Plan Funding (including §VII): $ 24,000 | 4. Est. Pmt. – Secured/Priority Claims: $ 0 |
| 5. Est. Pmt. – Unsecured Claims Under Plan:  10 % | 6. Est. Pmt. – Unsecured Claims in Liquidation:  0 % |
| 7. Motion(s) to Value Collateral of: [list creditor(s)] None | 8. Motion(s) to Avoid Lien(s) of: [list creditor(s)] None |
| 9. Est. Attorney Fees Paid Through Plan: $2250 | 10. Plan Contains Special Provisions (§VII) ☐ None |

## II.  PLAN PAYMENTS AND DURATION

A.  **Payments.**  Within 30 days after filing this plan, Debtor will commence making payments as stated below, or as scheduled in section VII:

| Monthly Payment: $ 400 | Duration (months):  60 | Total: $ 24,000 |
|---|---|---|

B.  **Wage Order.**  ☐  If checked, Debtor requests an order to an employer to pay funds directly to Trustee.

C.  **Tax Refunds.**  Debtor will turn over to Trustee, in addition to regular plan payments, all tax refunds attributable to postpetition  periods and all non-exempt tax refunds attributable to prepetition periods, except to the extent provided by section V.C.2. or otherwise subject by law to setoff, recoupment or alternative disposition.

D.  **Sources of Funds Other than Disposable Income.**  ☐  If checked, Debtor is funding the plan with monies from other assets ad described in section VII, identifying the source, amount, and date when funds or assets will be available.

## III.  DISTRIBUTION OF PLAN PAYMENTS

A.  **Administrative Expenses.**

1.  **Trustee.**  Trustee shall collect a percentage fee from all payments received from Debtor as provided under 28 U.S.C. § 586(e).  Trustee's fee will be paid in advance of all other claims.

2.  **Attorneys Fees.**

| Attorney Fees/Expenses: $3500 | Paid Prepetition: $1250 | Paid Through Plan: $ 2250 |
|---|---|---|

Approval of the amount of attorney fees and expenses stated above will be made as part of plan confirmation.

[X]  The amounts stated in this plan for Attorney Fees/Expense and Paid Through Plan are good faith estimates only and Debtor's attorney may seek approval of greater or lesser amounts in a separately filed application.  Upon a determination of the amount awarded and allowed, the attorney fees and expenses will be paid before or at the time of each payment to other creditors.  Distributions to Debtor's attorney through the plan will be made as the court orders.

3.  **Other Administrative Expenses.**  [X] If checked, there are additional administrative expenses and explained in section VII.  These expenses will be paid before or at the same time as each payment to other creditors.

| Administrative Expenses | Estimated Total (paid through plan) |
|---|---|
| Trustee's Percentage Fee (10 %) | $ 30 |
| Attorney Fees/Expenses Paid Through Plan | $ |
| Other Administrative Expenses (see section VII) | $ |

B.  **Secured Claims.**

      **Class 1.  Secured claims where (i) Debtor was in default on the petition date and (ii) the claimant's rights are not modified by the plan, except for the curing of the default.**  A holder of a Class 1 claim will retain its lien.  Debtor will make all regularly scheduled contractual payments coming due postpetition.  Trustee will make distributions to cure any arrears, with interest (10% unless specified otherwise), and prorated with other secured claims.  "Arrearage" includes regular installments of principal, accrued and unpaid interest and other charges, such as attorney fees and foreclosure costs, which became due before the petition date.  Notwithstanding the Debtor's good faith estimate (in the following table) of arrearage and estimated monthly payment, the amount distributed by the Trustee will be based upon the amount of arrearage indicated in the holder's timely filed proof of claim (see sec. 5 of Official Form B10) unless the court orders otherwise.  Trustee will make no distribution to a secured creditor whose proof of claim states that the arrearage is $0.00, none, or the like, or if the arrearage amount is left blank.

Treatment of a prepetition arrearage under an unexpired lease or executory contract is provided for in section III.D. below.

| Creditor/Collateral | Maturity Date | Est. Arrearage | Interest | Est. Mo. Pmt. |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |

[Continue in section VII or on continuation sheet as necessary]

  **Class 2. Secured claims where the rights of the holder of a secured claim are modified by the plan under 11 U.S.C. § 1322(b)(2) or (c)(2).** A holder of a Class 2 claim will retain its lien. Trustee will make distributions to pay the full amount of the secured portion of the claim, with interest (10% unless specified otherwise), and prorated with other secured claims. Notwithstanding Debtor's good faith estimate (in the following table), the amount of the secured portion of the claim will be equal to the value of the collateral as stated in the holder's timely filed proof of claim (see sec. 5 of Official Form B10), unless the court orders otherwise. If Debtor believes that the market value of a creditor's collateral is less than the amount of the claim, Debtor must include a **Motion to Value Collateral** with this plan. Any deficiency, i.e. the amount by which the total amount of the claim exceeds the value of the collateral, will be treated as a Class 7 general unsecured claim unless the deficiency is determined to be entitled to priority as a Class 5 claim.

| Creditor/Collateral | Claim Amount | Market Value | Interest | Est. Mo. Pmt. |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |

[Continue in section VII or on continuation sheet as necessary]

  **Class 3. Secured claims that are satisfied by the surrender of collateral.** No distributions will be made on a Class 3 claim, as a secured claim, if the debtor files a declaration, with proof of service on the creditor, within 10 days after the entry of an order confirming this plan, that the real or personal property described below has been surrendered or offered for surrender to the creditor. A secured creditor listed in Class 3 wishing to refuse Debtor's surrender of collateral in full or partial satisfaction of its claim must file a written objection to this plan. To the extend that the total amount of the claim exceeds the value of collateral, as indicated in the creditor's timely filed proof of claim (see sec. 5 of Official Form B10) or a court order, the difference ("deficiency claim will be treated as a Class 7 general unsecured claim unless the deficiency claim is disallowed in whole or in part, or the deficiency claim is placed in another class. If the secured creditor does not complete the space for the value of the collateral on the face of the proof of claim, the creditor will have no deficiency claim. Confirmation of this plan shall constitute Debtor's consent to termination of the stays under 11.U.S.C. §§ 362(a) & 1301(a) to permit the creditor whose collateral is being surrendered to receive, repossess or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law. Entry of the order confirming this plan will constitute an order terminating the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to the Debtor(s), codebtor(s) and the bankruptcy estate.

| Creditor/Collateral | Claim Amount | Est. Deficiency |
|---|---|---|
| None | | |
| | | |

[Continue in section VII or on continuation sheet as necessary]

  **Class 4. Secured claims where (i) Debtor was not in default on the petition date and (ii) the rights of the holder of a secured claim are not modified by this plan.** A holder of a Class 4 claim will retain its lien. Debtor or a third party will make all regularly scheduled contractual payments coming due postpetition until the secured claim is paid in full. Notwithstanding the following table, the claim of a secured creditor shall be treated as a Class 1 claim if such creditor files a timely proof of claim stating that there was an arrearage on the petition date,

unless the court determines that there was no arrearage. If the proof of claim states that the arrearage amount was $0.00, none, or the like, of if the arrearage amount is left blank, such claim shall be treated as a Class 4 claim and Trustee shall make no distribution on the claim.

| Creditor/Collateral | Regular Payment | Maturity Date |
|---|---|---|
| USA Federal CU | 386.00 | 3/2010 |
| | | |
| | | |

[Continue in section VII or on continuation sheet as necessary]

C.  **Unsecured Claims.**

**Class 5.**  Priority unsecured claims. Claims, such as claims for delinquent child and spousal support and certain types of taxes, entitled to priority under 11 U.S.C. § 507, will be paid in full by deferred payments in installments after satisfaction of claims included in Classes 1 and 2, and before payment on other unsecured claims. Notwithstanding the amounts listed below, payments on priority unsecured claims will be made in accordance with timely filed proofs of claim unless the court otherwise orders. A holder of a particular claim entitled to priority but agreeing to other than full payment shall amend the proof of claim. Class 5 includes the unsecured portion of a second claim entitled to priority treatment.

| Creditor | Type of Priority | Est. Claim Amount |
|---|---|---|
| Dept. of Revenue & Taxation | Back taxes | $1896 |
| | | |

[Continue in section VII or on continuation sheet as necessary]

**Class 6.**  Special unsecured claims. The following unsecured claims, such as co-signed unsecured claims, will be paid in full, with interest (unless section VII provides otherwise), and ahead of general unsecured claims for the reasons stated.

| Creditor | Reason for Special Treatment | Claim Amount |
|---|---|---|
| None | | |

[Continue in section VII or on continuation sheet as necessary]

**Class 7.**  General unsecured claims. Unsecured claims, not entitled to priority under 11 U.S.C. § 507 no special treatment under Class 6, will be paid after all other claims. Notwithstanding Debtor's good faith estimate of percentage distribution on general unsecured claims in the section IV liquidation analysis, for the purposes of 11 U.S.C. § 1328(a), completion of the plan will occur upon the earlier of 100% payment to all creditors filing a timely proof of claim or full payment of the amount stated in section I of the plan.

D.  **Executory Contracts and Unexpired Leases Being Assumed.**  Debtor assumes the unexpired leases and executory contracts noted below. Debtor will pay directly to the other party to the contract or lease all postpetition obligations. Any executory contract or unexpired lease not assumed is rejected. A prepetition arrearage under an unexpired lease or executory contract being assumed will be treated as a claim in Class 1, Class 6, or as stated in section VII.

| Party to Lease or Contract Being Assumed | Prepetition Arrearage (if any) | If Arrearage, Treatment (Class 1, Class 6, other) |
|---|---|---|
| None | | |
| | | |

[Continue in section VII or on continuation sheet as necessary]

E.  **Avoidable Liens and Security Interests.**  Debtor is moving to avoid a judicial lien or nonpossessory, non-purchase money security interest under 11 U.S.C. § 522(f) as noted in any attached motion. Avoidance of a lien or security interest requires a separate motion for each lien and must be attached to this plan.

F. **Postpetition Obligations.** Debtor will pay directly to creditors all obligations coming due postpetition <u>except</u>:

G. **Order of Distribution.** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee in the following order: (i) Trustee's monthly administrative fees; then (ii) administrative expenses as allowed under applicable rules and guidelines; then (iii) pro rata payments on Class 1 and Class 2 secured claims including prepetition arrearages under unexpired leases and executory contracts being assumed and designated as Class 1 claims; then (iv) Class 5 priority unsecured claims; then (v) Class 6 special unsecured claims, and then (vi) Class 7 general unsecured claims. Within each such category, claims shall be paid on a pro rata basis. Unless a claim objection is sustained or a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Classes 1, 2, 5, 6 and 7 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## IV. LIQUIDATION ANALYSIS

The value, as of the date the petition was filed, of property, to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated on such date under chapter 7 of the Bankruptcy Code. Debtor estimates, in good faith, that liquidation under chapter 7 would be as follows:

| | | | |
|---|---|---|---|
| 1. Real property – Schedule A | $ 2,500 | 5. Exemptions – Schedule C | $ 25,211 |
| 2. Personal Property – Schedule B | $ 22,711 | 6. Secured claims (less unsecured portions, if any) – Schedule D | $ 8,500 |
| 3. Property recoverable by avoiding powers | $ 0 | 7. Priority claims – Schedule E | $ 0 |
| 4. Total assets – Add boxes 1, 2, 3 | $ 25,211 | 8. Est. Ch.7 administrative expenses | $ 0 |
| | | 9. Total adjustments – Add boxes 5 – 8 | $ 33,711 |
| 10. Amount available to pay general unsecured claims in liquidation – Subtract Box 9 from Box 4 | | | $ 0 |
| 11. Total amount of general unsecured debt from Schedule F + unsecured portions from Schedule D, if any | | | $ 150,000 |
| 12. Estimated distribution on general unsecured claims **in liquidation** - Divide Box 10 by Box 11 | | | 0 % |
| 13. Estimated distribution on general unsecured claims **through this plan** | | | 10 % |

## V. TAXES

A. **Tax Returns Due Prepetition.**

[ X ] All federal and state tax returns due prepetition have been filed.

[ ] All federal and state tax returns due prepetition have not been filed but will be filed prior to confirmation.

B. **Postpetition Taxes.** Debtor will file all postpetition federal, state and local tax returns and pay all postpetition taxes as they come due. Debtor shall pay, if applicable, requisite estimated income taxes and/or federal tax deposits for payroll taxes. Debtor will provide Trustee with a copy of each federal and state tax return, Form W-2, Form 1099, and similar forms, received or filed while the case is pending.

C. **Additional Provisions.**

1. This plan shall not affect the rights of any federal, state or local taxing authority to examine or audit Debtor's tax returns.

a. If there are any additional taxes due and owing as a result of such examination, such additional taxes shall be paid under this plan, through an amended plan, or directly by Debtor.

b. Confirmation of this plan does not discharge any additional taxes.

2. Notwithstanding section II. C., any refunds or overpayments due from any federal, state, or local taxing authority attributable to a prepetition period may be applied to any outstanding prepetition tax liability owed to the respective taxing authority, and any refund or overpayment attributable to a postpetition period may be applied to

any outstanding postpetition tax liability or to any outstanding prepetition secured or priority tax liability owed to the respective taxing authority.

## VI.  OTHER PROVISIONS

A.  **Guidelines for Chapter 13 Procedures.**  The court has adopted Guidelines for Chapter 13 which govern all Chapter 13 cases filed on and after December 1, 2003, and to the extent practicable, all pending Chapter 13 cases. The guidelines mandate use of this form plan and other documents, and contain a number of important provisions regarding the administration of Chapter 13 cases. Its terms are incorporated into this plan.  A copy of the guidelines is available from the clerk's office and at the court's website: www.hib.uscourts.gov.

B.  **Vesting and Possession of Property.**  (i) Except to the extent necessary to fund this plan, property of the estate shall revert in Debtor upon plan confirmation.  If the case is converted to a case under chapter 7, 11 or 12, or is dismissed, the property of the estate shall vest in accordance with applicable law.  (ii) Upon conversion to a case under chapter 7, 11, or 12, Debtor shall file a new schedule "C" –Property Claimed as Exempt.  (iii) Upon conversion or dismissal of this case after confirmation, any plan payments made by Debtor and being held by Trustee shall be distributed by Trustee to holders of allowed claims in accordance with this plan as soon as practicable.

C.  **Debtor's Duties.**  In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, Local Bankruptcy Rules, and the Guidelines for Chapter 13 Procedures, this plan imposes certain additional requirements on Debtor as follows. (i) **Transfers of property.**  Debtor is prohibited from encumbering, selling, or otherwise disposing of any personal or real property other than in the regular course of Debtor's business without first obtaining court authorization. (ii) **New debt.** Except as provided in 11 U.S.C. § 364, Debtor shall not incur any new debt exceeding $1,000 without the prior written approval of Trustee or order of the court.  (iii) **Insurance.** Debtor shall maintain insurance as required by any law, contract, or security agreement on all vehicles and property subject to a security interest in the amount of the outstanding claim of the creditor or value of the collateral, whichever is less, unless otherwise ordered by the court.  If Debtor operates a business, Debtor shall maintain liability and other insurance as requested by Trustee. (iv) **Support payments.**  Debtor shall maintain ongoing child or spousal support payments directly to the court-ordered recipient. (v) **Periodic reports.**  Debtor shall provide to Trustee any requested financial information regarding Debtor's business in the manner and for the periods set by Trustee.

D.  **Dismissal – Lack of Feasibility Based on Claims Actually Filed.**  Debtor understands that is case may be dismissed without a hearing if Debtor fails to respond adequately to Trustee's Motion to dismiss Case for Lack of Feasibility. Trustee may file a motion to dismiss if Trustee determines that the timely filed proofs of claim will make impossible the full payment, within 60 months from confirmation, administrative expenses, secured claims, priority unsecured claims and any claims placed in a special class for full payment.  To respond adequately to Trustee' Motion to Dismiss Case for Lack of Feasibility, Debtor shall file within 30 days after the date of such notice, an objection to claim which, if sustained, would ensure feasibility, or a motion to modify the confirmed plan.  Failure to file an objection to a claim making the plan not feasible, or to file a motion to modify the plan within the 30-day period, or an overruling of the objection to claim, or denial of the motion to modify the plan, may result in dismissal of the case without further notice.

E.  **Relief from Stay.**  If the order unconditionally permits the secured creditor to foreclose on or repossess its collateral, Trustee, as soon as practicable, shall cease making payments to all creditors whose claims are based entirely on a secured interest in the collateral being foreclosed or repossessed, unless the order provides otherwise. Such action by Trustee will not affect the number or amount of periodic payments due from Debtor under the plan.

F.  **Duration of Plan.**  The plan will run a minimum of 36 months, unless all timely filed claims are sooner paid in full.  To ensure full payment of administrative expenses, secured claims, priority unsecured claims and any claims placed in a special class for full payment, Trustee may seek to provide for feasibility by filing a motion to extend plan up to 60 months.

G. **Certification.** Debtor certifies that this plan has been proposed in good faith, that the foregoing information provided in the plan is true and correct, and that Debtor will be able to make all plan payments and otherwise comply with the plan. This plan will be served on the Chapter 13 Trustee, and all creditors and parties in interest.

## VII.  SPECIAL PROVISIONS

**Special Provisions.**  Included below is any information concerning additional creditors or claims, irregular plan payments, funding of plan from other sources, special treatment of prepetition arrearages under an unexpired lease or executory contract being assume, and any other special provisions.  (Note: Additional provisions may not conflict with the substantive provisions of the court-approved form plan unless approved by the court upon separate motion. Attach additional pages as necessary).

Respectfully submitted,

Date:  _8- 21- 09_

GARY W.F."FRANK" GUMATAOTAO
Attorney for Debtors

Dated:  _8- 21- 09_

JEROME B. UNTALAN

Dated:  _8 - 21 - 09_

EMILY E.G. UNTALAN